BRINK'S, INCORPORATED, et al., Plaintiffs, *v.* THOMAS J. CURRAN, as Secretary of State of the State of New York, et al., Defendants.

Supreme Court, Special Term, New York County, April 11, 1946.

*John Ross Lauer* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirshowitz* of counsel), for defendants.

DINEEN, J. The action is brought to obtain a declaratory judgment that plaintiffs are not subject to the provisions of article 7 of the General Business Law which require the procurement of licenses, the payment of license fees and the giving of surety company bonds, as a condition of the conduct of business by the persons and corporations therein described. The answer raises no issue of fact and both sides move for judgment on the pleadings. The only question is whether plaintiffs are included within the description, contained in the statute, of the persons who are made subject to its provisions.

Plaintiffs are engaged in the business of transportation as contract carriers by armored motor truck of valuable articles,

including bonds, stock certificates, securities of all kinds, coins, currency, bullion, bank notes and other articles of large value and relatively small bulk. Each of the armored trucks normally carries a crew of at least three men and each of the crew normally carries a fully loaded revolver. The armed employees are used only in connection with the transportation of the values above described.

The provisions of the statute are too long to be reproduced here. But it seems to me plain that they are wholly inappropriate and insufficient to show an intention on the part of the Legislature to subject such a business as plaintiffs are conducting to the license taxes and other burdens imposed by the act on private detectives and investigators or on persons engaged in the " business of watch, guard or patrol agency ". Such interference with, or restrictions upon, a legitimate private business must not be sanctioned unless the legislative purpose to exercise such control is perfectly clear.

Plaintiffs' motion is granted and defendants' cross motion is denied.